**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |
|---|---|
| INTERNATIONAL FEDERATION OF PROFESSIONAL & TECHNICAL ENGINEERS, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br> Defendants. | Civil Action No. 12-cv-03448-AW <br> Related Case: No. 12-cv-02297-AW |

## MEMORANDUM OPINION

Pending before the Court are two Motions to Dismiss. Defendants United States, Secretary of the United States Senate Nancy Erickson, and Sergeant at Arms of the Senate Terrance W. Gainer move to dismiss on the grounds that Plaintiffs' claims are barred by sovereign immunity and that venue is improper in this district. Doc. No. 32. Defendant Karen L. Haas, Clerk of the United States House of Representatives, moves to dismiss on the same grounds, and also argues that Plaintiffs lack standing and have failed to state a claim upon which relief can be granted. Doc. No. 33. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Defendants' Motions are GRANTED-IN-PART. Plaintiffs' claims against Defendant United States are barred by sovereign immunity and are therefore dismissed with prejudice. Although Plaintiffs' claims against the remaining individual Defendants are not barred by

sovereign immunity, venue is not proper in this district. Accordingly, the Court dismisses without prejudice Plaintiffs' claims against the individual Defendants.[1]

## I. BACKGROUND

Plaintiffs have brought suit to enjoin implementation of section 8(a)(1) of the Stop Trading on Congressional Knowledge (STOCK) Act. Section 8(a)(1), as amended, requires online posting of Financial Disclosure Forms submitted by covered employees of the legislative branch of the United States government:

> Not later than [April 15, 2013], or 90 days after the date of enactment of this Act, whichever is later, the Secretary of the Senate and the Sergeant at Arms of the Senate, and the Clerk of the House of Representatives, shall ensure that financial disclosure forms filed by . . . employees of Congress . . . are made available to the public on the respective official websites of the Senate and the House of Representatives not later than 30 days after such forms are filed.

Pub. L. No. 112-105, 126 Stat. 291 (Apr. 4, 2012).[2]

Plaintiffs in this case include the International Federation of Professional and Technical Engineers, AFL-CIO & CLC (IFPTE), an international union comprised of local union affiliates that directly represent employees in their dealings with employers such as the Government Accountability Office (GAO) and the Congressional Research Service (CRS). The IFPTE represents approximately 120 Financial Disclosure Form filers employed by these two legislative branch agencies. Individual Plaintiffs Timothy Persons and Nancy Kingsbury are employees of GAO and residents of Maryland. Individual Plaintiff Dennis Roth is a former employee of CRS, while individual Plaintiff Nina Serafino is a current employee of CRS. All the individual Plaintiffs have been responsible for filing Financial Disclosure Forms for the last several years.

---

[1] The Court does not need to address Defendant Haas's remaining arguments that Plaintiffs lack standing and have failed to state a claim upon which relief can be granted.

[2] The publication deadline was originally set for August 31, 2012, but Congress has extended that deadline three times. Pub. L. No. 112-173, 126 Stat. 1310 (Aug. 16, 2012) (extending Internet publication deadline to September 30, 2012); Pub. L. No. 112-178, 126 Stat. 1408 (Sept. 28, 2012) (extending deadline to December 8, 2012); Pub. L. No. 112-207, 126 Stat. 1495 (Dec. 7, 2012) (extending deadline to April 15, 2013).

Defendants are the United States, the Secretary of the Senate, the Sergeant at Arms of the Senate, and the Clerk of the House of Representatives. The individual Defendants are sued in their official capacities only.

Plaintiffs assert that implementing section 8 of the STOCK Act will violate their right to privacy under the United States Constitution, and that retroactive application of Section 8 to Financial Disclosure Forms filed by Plaintiffs prior to the STOCK Act's passage would violate their rights under the Fifth Amendment of the Constitution. Plaintiffs seek a declaratory judgment that section 8 of the STOCK Act as applied to Plaintiffs and other non-elected legislative branch employees is unconstitutional. Plaintiffs further request an order enjoining all Defendants, preliminarily and permanently, from making Financial Disclosure Forms of non-elected legislative branch employees or the information contained in them available on the Internet. Plaintiffs also seek an order enjoining Defendants from requiring non-elected legislative branch employees to submit the forms as long as such information is subject to Internet publication by Defendants.

Plaintiffs filed this action on November 21, 2012, and moved for a temporary restraining order and preliminary injunction on November 30, 2012. After Congress extended the Internet publication deadline from December 8, 2012 to April 15, 2013, the Court denied as moot Plaintiffs' motions. On January 11, 2013, the Court denied Plaintiffs' motion to stay proceedings. Plaintiffs filed their Amended Complaint on January 18 and Defendants filed the pending Motions to Dismiss on February 1 and February 4. The Motions have been fully briefed and are ripe for the Court's consideration.

## II.     ANALYSIS

### 1.     Sovereign Immunity

"As a sovereign the United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).  This sovereign immunity extends to the United States Congress when it is sued as a branch of the government. *McLean*, 566 F.3d at 401.  In their oppositions to Defendants' Motions to Dismiss, Plaintiffs concede that Defendant United States has not waived sovereign immunity with respect to this litigation. *See* Doc. No. 38 at 2; Doc. No. 39 at 1, 12–15 (asserting only that the individual Defendant is not immune from suit).  Accordingly, the United States is dismissed from this action, and the claims against it are dismissed with prejudice.

Defendants also argue that Plaintiffs' claims against the individual Defendants in their official capacities are barred by sovereign immunity.  As a general matter, a claim against a federal official for acts performed within his or her official capacity amounts to an action against the sovereign and is therefore barred by sovereign immunity. *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983).  However, the Supreme Court has recognized an important exception to this general rule.  In *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 684 (1949), a company brought suit against the head of the War Assets Administration seeking to enjoin the Administrator from selling or delivering coal to anyone but the plaintiff company.  The Court upheld the district court's dismissal of the suit as one against the sovereign, but in doing so, recognized that not all suits for specific relief against officers of the sovereign are suits against the sovereign. *Id.* at 689.  One such exceptional case is "that in

which the statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be unconstitutional. . . . [I]njunctions against the threatened enforcement of unconstitutional statutes [is a] familiar example[] of this type." *Id.* at 690. The Court reasoned that in such cases, "the conduct against which specific relief is sought is beyond the officer's powers and is, therefore, not the conduct of the sovereign." *Id.* Although the officer's power to act may be conferred in form, "the grant is lacking in substance because of its constitutional invalidity." *Id.*; *see also Dugan v. Rank*, 372 U.S. 609, 621–22 (1963) (recognizing that action for injunction against federal officer may proceed where the officer's powers or the manner in which they are exercised is constitutionally void, even if they are within scope of officer's statutory authority). The Court concludes that the relief sought by Plaintiffs in this case—enjoining the individual Defendants' implementation of an allegedly unconstitutional statute—is precisely the type of claim that is not barred by sovereign immunity.

Defendants contend that the *Larson* exception does not apply because the officials in this case are officers of the legislative branch, not the executive branch. The *Larson* holding was not so limited, however, and recent caselaw from the D.C. Circuit persuades the Court that the exception applies to legislative branch employees. Most recently, in *Pollack v. Hogan*, a job applicant brought suit against the Administrative Office (AO) of the United States Courts and AO officials in their official capacities alleging that geographical restrictions on certain positions violated her constitutional right to travel. 703 F.3d 117, 119 (D.C. Cir. 2012). The plaintiff in *Pollack* sought injunctive relief prohibiting individual defendants from discriminating against job applicants on the basis of their place of residence and ordering defendants to consider plaintiff's past and future applications without regard to her place of residence. *Id.* The court held that plaintiff's claims against officials of the judicial branch fell within the *Larson* exception:

> Here, the plaintiff has claimed an invasion of her legal rights—specifically, of an alleged constitutional right to travel that is enforceable against the federal government. Whether there is such a right, and whether any such right is applicable to [plaintiff's] case, goes to the merits of her claim and not to the AO's sovereign immunity.

*Id.* at 121.

Other D.C. Circuit precedent confirms that the *Larson* exception is not limited to executive branch officers and employees. In *Clark v. Library of Congress*, the Library of Congress requested that the FBI conduct an investigation into the political beliefs and activities of plaintiff, a reshelver of books for the Library. 750 F.2d 89, 90–91 (D.C. Cir. 1984). The plaintiff claimed that the investigation violated his First Amendment rights of speech and association and invaded his privacy. *Id.* at 102. He sought non-monetary relief in the form of reinstatement, correction of his personnel records and an injunction against the defendants prohibiting future infringement of First Amendment rights. *Id.* The D.C. Circuit held that plaintiff's claims were not barred, calling it "well-established that sovereign immunity does not bar suits for specific relief against government officials where the challenged actions of the officials are alleged to be unconstitutional or beyond statutory authority." *Id.* at 702 (citing *Larson*).[3] The Court is persuaded by the reasoning of the D.C. Circuit, and concludes that the *Larson* exception applies to claims against the individual Defendants in this case.[4]

Defendants also argue that the *Larson* doctrine has doubtful continued relevance following Congress's 1976 amendments to the Administrative Procedure Act (APA), 5 U.S.C. § 702. However, as noted by the D.C. Circuit in *Clark*, the 1976 amendments, which included a

---

[3] The Fourth Circuit has recognized that the Library of Congress has a "hybrid character," as certain functions could be regarded as "legislative" while others regarded as "executive." *Eltra Corp. v. Ringer*, 579 F.2d 294, 301 (4th Cir. 1978). Even if the Library is not *exclusively* "legislative" in character, *Clark* nevertheless supports a conclusion that the *Larson* exception is not limited to cases involving officers or employees of the executive branch.

[4] The Court is aware of one case in which a court entertained claims for injunctive relief against the Clerk of the House of Representatives and the Secretary of the Senate. *See Nat'l Ass'n of Mfrs. v. Taylor*, 549 F. Supp. 2d 33 (D.D.C. 2008). The individual defendants in that case did not raise a sovereign immunity defense, however, and the court did not address it.

broad waiver of sovereign immunity, apply only to "agencies" as defined by the APA. *Clark*, 750 F.2d at 102 (noting that plaintiff could not take advantage of waiver because the Library of Congress was not an "agency" under the APA). Accordingly, while the 1976 amendments may have superseded *Larson* with respect to APA-defined "agencies," *Larson* remains relevant at least with respect to other government entities, such as the United States Congress, and their officers and employees. *See* 5 U.S.C. § 701(b)(1)(A) (excluding "Congress" from the definition of "agency").

The Court finds the reasoning of the D.C. Circuit persuasive, and finds no reason why the *Larson* exception does not apply to Plaintiffs' claims in this case. Furthermore, granting injunctive relief to Plaintiffs would not stop the United States in its tracks or cause "substantial bothersome interference with the operation of government." *Littell v. Morton*, 445 F.2d 1207, 1214 (4th Cir. 1971). Accordingly, Plaintiff's claims for injunctive relief against the individual Defendants are not barred by sovereign immunity.

2. <u>Venue</u>

Plaintiffs contend that the remaining individual Defendants in this case are officers or employees of the United States, and as such, venue in this district is proper under 28 U.S.C. § 1391(e). That section provides the following:

(e) Actions where defendant is officer or employee of the United States--

(1) In general.--A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). Although the Fourth Circuit has not addressed the issue, courts that have analyzed the language "officer or employee of the United States" are in virtually unanimous agreement that it applies only to officers and employees of the executive branch. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1303–04 (9th Cir. 1992) (holding that § 1391(e) applies only to executive branch officials, and not to bankruptcy court officers); *Duplantier v. United States*, 606 F.2d 654, 663–64 (5th Cir. 1979) (holding that § 1391(e) applies only to executive branch officials, not a federal judge or chairman of judicial ethics committee). In limiting the scope of § 1391(e) to executive branch officials and employees, both the Fifth and Ninth Circuits relied upon the reasoning of the Second Circuit in *Liberation News Service v. Eastland*, 426 F.2d 1379 (2d Cir. 1970).[5] In *Liberation News*, a press association brought suit against ten United States senators, chief counsel of a Senate subcommittee, and other defendants alleging that subpoenas issued by the Senate subcommittee were unconstitutional. *Id.* at 1381. Judge Friendly analyzed the legislative history of § 1391(e) and determined that in identifying officers and employees of the United States, "Congress was thinking solely in terms of the executive branch." *Id.* at 1384. The ultimate intention of Congress, Judge Friendly held, was "to facilitate review by the Federal courts of administrative actions." *Id.* at 1383 (quoting Sen. Rep. No. 1992, 87th Cong. 2d Sess., reprinted in 2 U.S. Code Cong. & Adm. News, pp. 2784, 2785 (1962)).

Judge Friendly also identified the policy concerns that accompany the broad interpretation of § 1391(e) urged by Plaintiffs in this case: "The disruption to the work of Congress by the pendency of actions elsewhere than in Washington could be far more serious than in the case of the executive departments and agencies with their large staffs." *Id.*; *see also Shaffer v. Clinton*, 54 F. Supp. 2d 1014, 1022 (D. Colo. 1999) ("Legislative history reveals the

---

[5] The court in *Liberation News* analyzed a prior version of § 1391(e) which omitted the clause "or the United States" from the current operative language. *See* 426 F.2d at 1382. However, the amendments to § 1391(e) do not disturb the Second Circuit's conclusions that only executive branch officers and employees are covered by the statute.

limited staff of Congress, working predominantly in Washington, D.C., would be disrupted if forced to defend civil actions in locations other than Washington."). The Fifth Circuit in *Duplantier* noted that expanding § 1391(e) beyond the executive branch "might bring about absurd consequences. Adoption of plaintiff's theory could result, for example, in an individual federal judge or clerk being liable to defend a lawsuit anywhere a federal court sits." 606 F.2d at 664. The same concern applies to individual officers and employees of the legislative branch.

Plaintiffs apparently argue against dismissal on the ground that venue is a doctrine of convenience and that the federal courthouse in Greenbelt, Maryland is only 15 miles from the federal courthouse in Washington, D.C., where both parties acknowledge venue would be proper under the general venue provision of 28 U.S.C. § 1391(b). Congress has directed that in the absence of waiver by defendants, and where it has been determined that venue is not proper, the district court shall either dismiss the case or transfer it to the district or division in which it could have been brought. *See* 28 U.S.C. §§ 1406(a)–(b). The Court lacks authority to lay claim to venue by deeming itself a sufficiently convenient forum for litigation.

Plaintiffs have cited no cases where a court determined that § 1391(e) applied to actions brought against officers or employees of the legislative or judicial branches. Every court that has examined the issue has concluded that § 1391(e) applies only to actions against executive branch officials, and the Court finds no rationale to depart from this persuasive and well-reasoned authority. The Court concludes that venue is not proper in this district, and Plaintiffs' claims against the individual Defendants are dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions to Dismiss are granted-in-part. A separate Order will follow.

___March 20, 2013____                              /s/
        Date                                       Alexander Williams, Jr.
                                            UNITED STATES DISTRICT JUDGE