IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, *et al.*, | * * * | |
| Plaintiffs, | * * * | |
| v. | * * | Civil No. 8:12-cv-03448-AW |
| UNITED STATES OF AMERICA, *et al.*, | * * | |
| Defendants. | * * | |

**MEMORANDUM OPINION**

Before the Court is a Motion to Vacate brought by Defendant Karen L. Haas, Clerk of the United States House of Representatives. The other individual Defendants in this action, Nancy Erickson, Secretary of the United States Senate, and Terrance W. Gainer, Sergeant at Arms of the Senate, consent to the relief requested by the Clerk, while Defendant the United States takes no position with respect to the Clerk's Motion. *See* Doc. No. 46 at 1. The Clerk moves to vacate those portions of the Court's April 1, 2013 Amended Memorandum Opinion that discuss the application of sovereign immunity to the individual Defendants. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons stated herein, the Clerk's Motion will be DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are non-elected current and former employees of the Legislative Branch, and an international union directly representing employees in their dealings with Legislative Branch entities such as the Government Accountability Office (GAO) and the Congressional Research

Service (CRS). Plaintiffs brought suit against the United States and individual Defendants to enjoin implementation of section 8(a) of the Stop Trading on Congressional Knowledge (STOCK) Act on the grounds that the law's financial disclosure requirements violated the Fifth Amendment and Plaintiffs' right to privacy. Doc. No. 1.[1]

On March 20, 2013, the Court granted-in-part Defendants' Motions to Dismiss. Doc. No. 43.[2] The Court held that Plaintiffs' claims against the United States were barred by sovereign immunity and dismissed those claims with prejudice. *See* Doc. No. 45 at 4. The Court also determined that Plaintiffs' claims against individual Defendants were not barred by sovereign immunity, but nonetheless dismissed those claims without prejudice, finding that venue was not proper in the District of Maryland. *Id.* at 4-9.

On April 8, 2013, Plaintiffs refiled their claims for injunctive and declaratory relief against individual Defendants in the U.S. District Court for the District of Columbia. *See* Complaint, *Int'l Fed'n of Prof'l & Technical Eng'rs v. Erickson* (D.D.C. Apr. 8, 2013) (No. 1:13-cv-00441). On April 15, 2013, Congress passed, and the President signed, new legislation that removed the challenged portions of the STOCK Act. *See* Modifications of Online Access to Certain Financial Disclosure Statements and Related Forms, Pub. L. No. 113-7, 127 Stat. 438 (2013) ("Modification Act"). As the Modification Act rendered the controversy moot, an issue that neither party disputes, Plaintiffs voluntarily dismissed their Complaint filed in the District Court for the District of Columbia. *See* Notice of Dismissal, *Int'l Fed'n of Prof'l & Technical Eng'rs v. Erickson* (D.D.C. Apr. 17, 2013) (No. 1:13-cv-00441).

---

[1] Under Section 8(a) of the STOCK Act, the individual Defendants were required to post online the financial disclosure forms filed by employees covered under the Ethics in Government Act. Stop Trading on Congressional Knowledge (STOCK) Act, § 8(a), Pub. L. No. 112-105, 126 Stat. 291 (2012).
[2] The Court issued an accompanying Memorandum Opinion on March 20, 2013, Doc. No. 42, and a subsequent Amended Memorandum Opinion on April 1, 2013, Doc. No. 45.

The Clerk filed the pending Motion to Vacate on May 20, 2013. Doc. No. 46. Seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Clerk asks the Court to vacate those portions of its April 1, 2013 Opinion that discuss the applicability of sovereign immunity to Plaintiffs' claims against individual Defendants. Doc. No. 46-2 at 4. The Clerk argues that the enactment of the Modification Act "precluded the Clerk from obtaining appellate relief" from the Court's adverse determination. *Id.* at 2. The Clerk further argues that the sovereign immunity ruling "(i) was unnecessary in light of the Court's venue ruling, and (ii) contrasts with the Court's refusal to address the Clerk's other potentially dispositive jurisdictional argument (lack of standing)." *Id.* at 4. The Motion is fully briefed and ripe for the Court's consideration.

## II.   ANALYSIS

The Clerk seeks relief under Rule 60(b)(6), which provides:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pursuant to Rule 60(b)(6), the Clerk has requested partial vacatur of the Court's April 1, 2013 Amended Opinion on the grounds that the Modification Act has rendered the controversy moot and left individual Defendants unable to appeal the Court's ruling that Plaintiffs' claims against them were not barred by sovereign immunity.[3] In analyzing the Clerk's Motion, the Court will adopt the Fourth Circuit's analytical framework from *Valero Terrestrial*

---

[3] Disputes are usually considered moot when statutory changes discontinue a challenged practice. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (citing *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)). The parties appear to agree that the Modification Act rendered this controversy moot. *See, e.g.*, Doc. No. 46-2 at 2; Doc. No. 47 at 1. Furthermore, the parties have not submitted any information that would suggest to the Court that Congress intends to reenact the challenged portions of the STOCK Act, an action that could preclude a finding of mootness. *See Am. Legion Post 7 of Durham, N.C. v. City of Durham*, 239 F.3d 601, 606 (4th Cir. 2001) ("The practical likelihood of reenactment of the challenged law appears to be the key to the Supreme Court's mootness jurisprudence in situations such as this one.").

3

*Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000), which addressed a Rule 60(b)(6) motion for vacatur under similar circumstances.[4]

In *Valero*, owners and operators of solid waste facilities filed suit against West Virginia officials alleging that portions of the West Virginia Code regarding the regulation of waste disposal and management were unconstitutional. *Id.* at 115. In 1997, the district court declared certain code provisions invalid under the dormant Commerce Clause and entered a permanent injunction prohibiting their enforcement. *Id.* While various motions for reconsideration were pending, the West Virginia Legislature substantially revised relevant Code provisions, including those that were enjoined from enforcement. *Id.* The defendants moved for the complaint to be dismissed as moot and moved pursuant to Rule 60(b) to vacate the 1997 judgment declaring the provisions unconstitutional. *Id.* The Court thereafter dismissed the complaint as moot and vacated most of its 1997 judgment. The plaintiffs appealed.

On appeal, the Fourth Circuit affirmed the district court's vacatur of its 1997 judgment. The Fourth Circuit's opinion relied heavily upon the Supreme Court's holding in *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18 (1994). 211 F.3d at 116-17. In *Bancorp*, the principal consideration in determining whether the relief of vacatur was warranted was "whether the party seeking relief from the judgment caused the mootness by voluntary action." *Id.* at 117 (quoting *Bancorp*, 513 U.S. at 24). For example, where a settlement resulted in mootness, the party seeking relief has "voluntarily forfeited his legal remedy by the ordinary

---

[4] A movant seeking relief from a judgment under Rule 60(b) must normally "make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). In *Valero*, however, neither the district court nor the Fourth Circuit addressed timeliness, meritorious defense, or unfair prejudice. In this case, there is little doubt that the Clerk's Motion is timely, and given that the case is moot, there is minimal risk of unfair prejudice to Plaintiffs. The Court questions the extent to which the meritorious defense requirement should be applicable in the context of 60(b)(6) motion to vacate for mootness, as the requirement is typically emphasized where a party seeks to vacate a default judgment. *See generally* 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2697 (3d ed. 2013).

4

processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur" absent "exceptional circumstances." *Valero*, 211 F.3d at 117-18 (quoting *Bancorp*, 513 U.S. at 25, 29). However, where the party seeking relief from judgment did not cause the mootness by voluntary action, "vacatur remains available, subject, as always, to considerations of the public interest." *Valero*, 211 F.3d at 118.

The Fourth Circuit emphasized that *Bancorp* only addressed the standards applicable to appellate vacatur of appellate decisions, and therefore disagreed with the trial judge's conclusion that district courts are necessarily bound by the *Bancorp* decision in deciding whether to vacate their prior opinions. 211 F.3d at 116-121. Regardless, the *Valero* court concluded that the considerations underlying appellate vacatur also apply to district court vacatur:

> We . . . hold that the *Bancorp* considerations that are relevant to appellate vacatur for mootness are also relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6), even if those considerations do not necessarily exhaust the permissible factors that may be considered by a district court in deciding a vacatur motion. We also hold that vacatur is available as a remedy to the district court, as it is to the appellate court, *see Bancorp,* 513 U.S. at 29, 115 S.Ct. 386, in "exceptional circumstances," even where the considerations of relative fault and the public interest would otherwise counsel against vacatur.

*Id.* at 121. Accordingly, the Court will consider whether "the twin considerations of fault and public interest" favor granting the Clerk's Motion to Vacate, or alternatively whether "exceptional circumstances" exist such that vacatur is justified. *Id.* at 118, 121.

Although the Clerk did not cause this controversy to become moot,[5] consideration of the public interest counsels against granting the Clerk's Motion to Vacate. The *Bancorp* Court noted

---

[5] The Modification Act became law due to the actions of Congress and the President. Plaintiffs argue that the Clerk is responsible because she "was the House's agent for enforcing the legislation passed by the House." *See* Doc. No. 47 at 2. However, the Clerk is responsible for administrative functions within the Legislative Branch and has no constitutional role in the enactment of legislation. The Clerk neither casts a vote on the floor of Congress nor signs legislation into law. The Fourth Circuit has distinguished those who enact legislation from those who do not. *See*

5

that there is a substantial public interest in judicial decisions: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Valero*, 211 F.3d at 118 (quoting *Bancorp*, 513 U.S. at 26-27). In *Valero*, the Court determined that the public interest was no bar to vacatur of the Court's judgment because the statutory provisions that had been declared unconstitutional either no longer existed or had been substantially revised, and there was no suggestion of their likely reenactment. 211 F.3d at 121. Accordingly, there was little public interest in maintaining a legal decision on a statute that no longer existed and was unlikely to exist in the future. In the instant case, the Court did not issue a ruling as to the constitutionality of a particular statute that was subsequently revised. Rather, the Court made a determination as to a broader question of law that has value to the legal community as a whole. The Clerk's interest in vacating adverse legal precedent does not outweigh this public interest.

The Clerk argues that the public interest is "weakly implicated" because district court opinions do not constitute binding precedent. Doc. No. 46-2 at 9. This argument would justify vacatur of *any* district court judgment, however, and it does not serve the public interest to permit such disruption to "the orderly operation of the federal judicial system." *Valero*, 211 F.3d at 120 (quoting *Bancorp*, 513 U.S. at 27).[6] The Court further concludes that there are no exceptional circumstances in the present case that justify the extraordinary remedy of vacatur.

---

*Valero*, 211 F.3d at 121 (emphasizing that defendants were neither the legislature nor the Governor and thus mootness was not caused by their actions).

[6] The Clerk also argues that the Court's determination regarding the applicability of sovereign immunity to the individual Defendants was unnecessary in light of the Court's venue ruling. *Id.* at 8. As the parties acknowledge, however, future litigants may dispute the correctness of the Court's opinion, and courts may disregard it as nonbinding precedent.

6

## III. CONCLUSION

For the foregoing reasons, the Clerk's Motion to Vacate under Rule 60(b)(6) will be DENIED.  A separate Order follows.

| August 8, 2013 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr.<br>United States District Judge |